# United States District Court
## For The District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>LADONNA NICOLE GRAY<br><br>DOB:<br>PDID:<br>(Name and Address of Defendant) | **CRIMINAL COMPLAINT**<br><br>CASE NUMBER: 06-488-M<br><br>**FILED**<br>NOV 2 7 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April of 2006 through the present, in the District of Columbia defendant did, (Track Statutory Language of Offense)

See Attached Affidavit.

in violation of Title __18__ United States Code, Section(s) 1029(a)(5) and 2.

I further state that I am Derek W. Anderson, Special Agent with the District of Columbia, Office of the Inspector General, and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Derek W. Anderson, Special Agent
District of Columbia
Office of the Inspector General

AUSA, Daniel P. Butler  (202) 353-9431
Sworn to before me and subscribed in my presence,

NOV 2 7 2006
Date                                                at        Washington, D.C.
                                                                City and State

**ALAN KAY**
**U.S. MAGISTRATE JUDGE**
Name & Title of Judicial Officer

Signature of Judicial Officer

TOTAL P.002

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, D.W. ANDERSON (hereinafter referred to as "affiant"), a Special Agent with the District of Columbia Office of the Inspector General (hereinafter referred to as "OIG"), having been duly sworn, hereby states as follow:

A. <u>OBJECTIVE</u>

This affidavit is presented in support of a criminal complaint against and an arrest warrant for Ladonna Nicole Gray (hereinafter referred to as "GRAY") charging her with Fraud and related activity in connection with access devices, in violation of 18 U.S.C. §§ 1029(a)(5) and 2.

B. <u>CREDENTIALS</u>

Affiant has been employed in law enforcement on the Federal and local levels for thirteen years. Affiant has investigated several felony violations to include identity theft, credit card fraud, and general crimes. Affiant is currently assigned to the General Investigations Unit of the OIG which is tasked to investigate matters involving fraud, waste, and abuse within or against the District of Columbia government. Affiant has completed numerous courses on, among other topics, criminal law, investigations and search and seizures. Affiant has participated in several search warrants and arrest warrants related to credit card fraud and identity theft. Your affiant has also participated in numerous arrest warrants associated with theft, narcotics smuggling and distribution, and assaults.

C. <u>SOURCE OF EVIDENCE</u>

Affiant is familiar with the facts and circumstances of this investigation. All relevant events described herein occurred in the District of Columbia and elsewhere. The information contained in this affidavit is based upon my personal knowledge, knowledge

obtained during my participation in this investigation, knowledge obtained from other individuals including review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that the defendant named herein has violated the access device fraud statute.

D. RELEVANT STATUTES

1. Access Device Fraud, 18 U.S.C. § 1029(a)(5)

This statute provides, in relevant part, as follows:

(a) Whoever-

(5) knowingly and with intent to defraud effects transactions with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000.

2. Aiding and Abetting, 18 U.S.C. § 2

Title 18, United States Code, Section 2, provides that:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

E. FACTUAL BACKGROUND

2

1. Since about May 10, 2006, affiant has conducted an investigation into the unlawful and fraudulent use of credit card numbers, which credit cards were used without the permission of the respective owner and were used to defraud the District of Columbia government. Specifically, these stolen credit card numbers were used to pay Department of Motor Vehicle (hereinafter referred to as "DMV") and Metropolitan Police Department parking tickets and photo enforcement of compliance with red lights and speed restrictions.

2. GRAY was identified by another subject, Damon Duckett (hereinafter referred to as "DUCKETT"), as being a "DMV connection" who could get the tickets paid at half the price for the fines owed. DUCKETT then received cash – half the price of the tickets – for the payments from these subjects and the DMV on-line payment method was employed using the respective credit card belonging to a complainant to pay the fines without permission of the complainants to use that card.

3. The identified complainants, hereinafter referred to as Complainants #1 through #4, had fraudulent charges made on their credit cards. These charges were made to the DMV to pay for parking tickets, red light camera tickets, and speed camera tickets.

4. At all relevant times, all the complainants had a storage unit at the U-Haul Washington D.C. The victims had accounts with U-Haul in which their credit card numbers were on file. Through affiant's investigation, this U-Haul business has been determined as the point of compromise of the credit cards and a number of the credit card payments have been identified as having been made from this U-Haul business.

5. On June 2, 2006, an individual (hereinafter "subject #1") was interviewed and was asked to explain how parking tickets totaling $1,500 issued against her/his vehicle

were paid with stolen credit cards. Subject #1 stated that s/he had met an individual named Damon DUCKETT at the United States Department of Transportation building in Washington D.C., where they both were employed. Subject #1 accurately described where in the building DUCKETT worked and his physical description. During a conversation between subject #1 and DUCKETT, subject #1 explained that s/he had several outstanding DMV tickets. DUCKETT stated that he had a "DMV connection" that could help her/him out with her/his outstanding tickets. DUCKETT explained that if s/he paid him cash for half of the amount that the tickets would be paid.

6. Subject #1 paid DUCKETT approximately $500 for her/his parking tickets and DUCKETT provided a phone number to subject #1 for his DMV connection that he identified as "D" or "Donna." Subject #1 contacted "D" at the telephone number provided by DUCKETT. "D" asked for subject #1's vehicle tag number and told her/him she was checking the DMV system to verify the number of citations that were issued to subject #1.

7. A few days later, subject #1 again contacted "D" at the telephone number given her/him by DUCKETT and asked for receipts to prove the citations had been paid. Subject #1 received a facsimile showing $1,500 of the fines paid; the fax also displayed a telephone number.

8. Affiant has been able to locate the following transactions for tickets paid on behalf of subject #1 using credit cards of the complainants:

Complainant #1

| | |
|---|---|
| April 26, 2006 | $205 paid |
| May 1, 2006 | $200 paid |
| May 1, 2006 | $200 paid |

Complainant #2

May 1, 2006         $100 paid

May 1, 2006         $300 paid

9. Phone records obtained by affiant show phone calls on April 26, 2006, between subject #1 and DUCKETT (1 call) and DUCKETT and GRAY (14 calls). Phone records obtained by affiant show phone calls on May 1, 2006, between subject #1 and DUCKETT (1 calls), DUCKETT and GRAY (10 calls), and subject #1 and GRAY (4 calls).

10. Subject #1 stated that she provided DUCKETT'S contact information to a fellow co-worker (hereinafter "subject #2") who had several outstanding citations. Subjects #1 and #2 met with DUCKETT at which time DUCKETT was paid by subject #2 $300.00 for $600.00 owed in tickets by subject #2.

11. Affiant's investigation showed that these tickets were paid on May 17, 2006, using credit cards for complainants #3 and #4. Phone records obtained by affiant show phone calls on May 17, 2006, between subject #1 and DUCKETT (2 calls), subject #2 and DUCKETT (1 call), and DUCKETT and GRAY (9 calls).

12. Affiant has been able to locate the following transactions for tickets paid on behalf of subject #2 using credit cards of the complainants:

Complainant #3

May 17, 2006        $100 paid

May 17, 2006        $100 paid

May 17, 2006        $100 paid

Complainant#4

May 17, 2006        $200 paid

May 17, 2006                    $200 paid

13. On June 4, 2006, affiant interviewed subject #2 at the United States Department of Transportation main building in Washington, D.C. Subject #2 was shown a photo array by affiant containing eight photographs. Subject #1 picked out the photo of DUCKETT and indicated DUCKETT had taken her/his money to pay for her/his tickets.

14. Affiant's investigation has shown that the telephone number given by DUCKETT to subject #1 to get her/his tickets paid for half price (see paragraph 6 above) was registered to GRAY. Also, the telephone fax number that showed on subject #1's fax copy showing her/his tickets had been paid (see paragraph 7 above) was a number registered to GRAY.

15. Affiant's investigation has also shown that GRAY is an employee of the U-Haul located at             ., Washington, D.C.

16. GRAY is described as a black female, twenty-seven years old, 5 foot 9 inches tall, weighing approximately 142 pounds, black hair, brown eyes, with a medium complexion.

F. CONCLUSION

17. Based on the foregoing, affiant respectfully submits that there is probable cause to believe that GRAY has engaged in the crime of access device fraud.

06-488-M-01

Wherefore, affiant respectfully requests that a complaint and a warrant be issued authorizing the arrest of GRAY for the above-stated violations of Title 18, United States Code, Sections 1029(a)(5) and Section 2.

*D.W. Anderson [signature]*

D.W. ANDERSON
Special Agent
D.C. Office of the Inspector General

Subscribed and sworn to before me this NOV 27 2006 day of November, 2006.

*[signature]*
Signature of Issuing Officer

THE HONORABLE ALAN KAY
UNITED STATES. MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

**ALAN KAY**
U.S. MAGISTRATE JUDGE